UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DAHLIA S. FLORIO,

    Plaintiff,

v.                          CASE NO.:

SUCCESS AGENCY LLC,

    Defendants.
_____/

## WAGE THEFT COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAHLIA S. FLORIO ("Plaintiff"), on behalf of herself and others similarly situated, hereby sues the Defendant, SUCCESS AGENCY LLC ("Defendant") and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction.

2. Venue is proper within the Southern District of Florida because a substantial part of the events giving rise to this claim arose here.

3. At all times material, Plaintiff was/is a resident of St. Lucie County, Florida.

4. At all times material, Defendant, SUCCESS AGENCY LLC, was/is a Florida Profit Limited Liability Company authorized to conduct business in the State of Florida, with its principal place of business at 301 Clematis Street, Suite 300, West Palm Beach, Florida 33401.

## GENERAL ALLEGATIONS

6. Defendant is an employer as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA").

7. At all material times, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

8. During at least one of the relevant years, Defendant had an annual dollar volume of sales or business of at least $500,000.

9. Plaintiff was employed by Defendant from November 17, 2013 to March 3, 2017 as a Marketing Coordinator.

10. While employed by Defendant, Plaintiff engaged in commerce or in the production of goods for commerce.

11. This action is brought under the FLSA to recover unpaid overtime compensation owed to Plaintiff.

12. Plaintiff was an employee of Defendant under the FLSA.

13. Defendant failed to comply with the FLSA because Plaintiff regularly required to work in excess of forty (40) hours a workweek but was not paid overtime compensation as required by the FLSA.

14. Defendant failed to keep accurate time records as required by the FLSA. Accordingly, Plaintiff is required to provide only a reasonable approximation of the number of overtime hours worked for which compensation is owed, which is presumed correct. The burden then shifts to the Defendant to overcome this presumption. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

15. Defendant's violations of the FLSA was knowing, willful and in reckless

disregard of the rights of Plaintiff and all other similarly situated.

16. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

17. During his employment, Plaintiff complained to management, objecting to Defendant's failure to properly pay overtime compensation.

18. After Plaintiff objected to the unlawful pay practices, Defendant terminated Plaintiff's employment in retaliation for her protected activity under the FLSA.

## COUNT I
## OVERTIME – FLSA

19. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 18 as if fully restated herein.

20. During the three (3) year period prior to filing this action, Defendant failed to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek.

21. Defendant's failure to pay Plaintiff overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

22. Defendant's violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

**WHEREFORE**, Plaintiff respectfully requests this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 3rd day of May, 2017.

        Respectfully submitted,
        **WHITTEL & MELTON, LLC**
        */s/ Jay P. Lechner*
        Jay P. Lechner, Esq.
        Florida Bar No.: 0504351
        Jason M. Melton, Esq.
        Florida Bar No.: 605034
        One Progress Plaza
        200 Central Avenue, #400
        St. Petersburg, Florida 33701
        Telephone: (727) 822-1111
        Facsimile: (727) 898-2001
Service Email:
        Pleadings@theFLlawfirm.com
        lechnerj@theFLlawfirm.com
        kmoran@theFLlawfirm.com
        *Attorneys for Plaintiffs*