**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

DAHLIA S. FLORIO,

        Plaintiff,

v.                                        CASE NO.: 17-80557-DMM

SUCCESS AGENCY LLC,

        Defendant.

_____/

**DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS
AND
VERIFIED MOTION TO SET ASIDE DEFAULT AND INCORPORATED MEMORANDUM OF
LAW**

      SUCCESS AGENCY LLC ("Defendant") by and through undersigned counsel, hereby files this Motion to Quash Service of Process pursuant to Federal Rules of Civil Procedure 12(b)(4)&(5) and Verified Motion to Set Aside Default pursuant to Federal Rules of Civil Procedure 55(c), and alleges as follows:

      1.      Plaintiff, Dahlia S. Florio filed a complaint against Defendant on May 3, 2017, claiming overtime payment, under the Fair Labor Standards Act, as amended, 20 U.S.C. § 216 ("FLSA"). [D.E. 1]. Summons was issued as to Defendant on that same date. [D.E. 2].

      2.      On August 7, 2017, Plaintiff filed a Motion for Default ("Motion"). [D.E. 10]. Paragraph two (2) of the Motion states that "*On June 15, 2017, Defendant was properly served pursuant to the attached Return of Service filed with this court.*" However, Plaintiff did not attach a Return of Service to the Motion or file one with the Court. Plaintiff's Motion is defective and made inaccurate representations to the Court.

      3.      Furthermore, the Return of Service was not filed until August 28, 2017 [D.E. 14], and only after the undersigned's office contacted Plaintiff's counsel via e-mail on August

26, 2017, to conduct a good faith conference prior to filing the instant motion.

4. Default was entered by the Clerk on August 7, 2017. [D.E. 12].

5. Pursuant to Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for good cause shown. Fed.R.Civ.Pro. 55(c).

6. Here, good cause exists. First, the Motion incorrectly represented that (i) a Return of Service was filed with the Court and (ii) that the return of service was attached to the Motion. Additionally, the Return of Service that was untimely and improperly filed, and also shows that service was improper. As such, Defendant did not receive notice of the lawsuit. *See* attached Affidavit of Avin Kline as Exhibit A ("Affidavit") at paragraph no. 4.

7. Defendant only became aware of the present action when Defendant's CEO, Avin Kline, received a solicitation letter from a law firm scanning public records and offering representation. DEFENDANT then, acting diligently and quickly, retained counsel on August 25, 2017, and initiated this Motion to Vacate. *See* Exhibit A at paragraph no. 6.

8. Defendant has meritorious defenses in this action and it would be a grave injustice to not allow Defendant to pursue said defenses. Default against Defendant will prove inequitable, as the affirmative defenses alleged clearly demonstrate meritorious defenses.

9. There is good cause for the lack of answer in this case. Indeed, there is simply nothing in the record showing that Defendant was ever properly served. Also, Plaintiff's Motion incorrectly represented that a return of service was filed with the Court at the time that Motion for Default was filed. The default must therefore be vacated.

10. Defendant is prepared to litigate and defend this lawsuit. Defendant's delay in filing an Answer and Affirmative Defenses was not culpable or willful, Defendant has

meritorious defenses, and Plaintiff will not suffer any prejudice in pursuing its claims if default is set aside.  Also, Defendant acted quickly to correct the Clerk's entry of default. Therefore, Defendant has met the good cause standard of Rule 55(c) and this Court should set aside the entry of default against him and accept the proposed Answer and Affirmative Defenses attached hereto as Exhibit B and authorize Defendant to file same.

## **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS**

The service of process described in the untimely Return of Service [D.E. 14] demonstrates that service was improper, and therefore, the service of process must be quashed.

Federal Rules of Civil Procedure 12(b) provides in relevant part, "(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (4) insufficient process; (5) insufficient service of process; . . . ." "Once the sufficiency of service is brought into question, the plaintiff has the burden of provide proper service of process." *Cadot v. Miami-Dade Fire Rescue Logistics Div.*, No. 13-23767-CIV, 2014 WL 1274133, at *1 (S.D. Fla. Mar. 27, 2014). Federal Rules of Civil Procedure 4 provides in relevant part:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; . . .

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> **(1)** in a judicial district of the United States:
> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; . . . .

Florida Statute 48.031 provides in relevant part:

> (6)(a)   **If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite**, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.

(Emphasis added). As was explained and ruled in *Beckley v. Best Restorations, Inc.*, 13 So. 3d 125, 126–27 (Fla. 4th DCA 2009):

> The Plaintiff argues that substitute service by private mailbox service under section 48.031(6), Florida Statutes (2008) is proper, provided that a plaintiff has first made a diligent effort to serve a defendant at any address or addresses discoverable through public records. The Defendants counter that the statute, by its very terms, applies only to those instances where the only address for a defendant, which is discoverable through the public records, is a private mailbox.
>
> The plain language of the statute leads us to conclude that substitute service on the Defendants pursuant to section 48.031(6), Florida Statutes (2008) is limited to those instances where the only address discoverable through the public records to effect service is a private mailbox maintained by the party to be served. *See Cruz v. Petty Transp., LLC,* No. 6:08-cv-498-Orl-22KRS, 2008 WL 54059828 (M.D.Fla. Aug. 27, 2008); *Kramer v. MRT, LLC,* No. 07-80931-CIV, 2008 WL 877211 (S.D.Fla. Apr.1, 2008); *see also Rinker Materials Corp. v. City of North Miami,* 286 So.2d 552, 553 (Fla.1973) (stating that the rules of

statutory construction instruct that statutes must be given their plain and obvious meaning and it must be assumed that the legislature knew the plain and ordinary meaning of words).

Here, private mailbox service pursuant to section 48.031(6), Florida Statutes (2008) was not an appropriate method of substitute service on the Defendants because the Plaintiff did not prove that the only address for the Defendants, which was discoverable through public records, was a private mailbox. *See Henzel v. Noel,* 598 So.2d 220, 221 (Fla. 5th DCA 1992) (citing *Carlini v. State Dep't of Legal Affairs,* 521 So.2d 254 (Fla. 4th DCA 1988)) (noting that the party seeking to invoke the jurisdiction of the court has the burden to prove the validity of service of process). The record reflects that the Plaintiff discovered at least one address *127 through public records at which to serve the Defendants, and unsuccessfully attempted to serve them at that address.

Based on a review of the untimely Return of Service [D.E. 14], Plaintiff elected to proceed under Federal Rules of Civil Procedure 4(h)(1)(A), which requires that Plaintiff follows state law in serving the summons. The Return of Service also states that substitute service was done, "pursuant to 48.031(6)(a)(b)".

As both the Affidavit of Mr. Kline and a review of the Sunbiz record[1] demonstrate, Defendant's registered agent is:

> Elliott, Erica
> 777 S Flagler Drive
> West Tower
> Suite 800
> West Palm Beach, FL 33401

In fact, the Return of Service even lists this address [clearly refuting any claim that no other address was discoverable in the public record] and states that service was attempted at this address. Clearly, the alleged virtual office address at 301 Clematis Street, Suite 3000, West Palm Beach, Florida is not the only address for Defendant that is discoverable through public

---

[1] Attached as Exhibit C.

records, and thus substitute service was not authorized. Accordingly, the attempted Service of Process should be quashed, and as a result, the Clerk's default should be set aside.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

**A.     Legal Standard Favoring Setting Aside Default for Good Cause**

It is the general rule that defaults are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible. *Creative Title Marketing, Inc. v. SICIS Inter., S.r.L,* 922 F. Supp. 1534 (S.D. Fla. 1996). A court may set aside an entry of default upon a showing of good cause. Fed.R.Civ.Pro. 55(c); see also *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). To determine whether good cause exists, the Court should consider whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Id*.

The good cause standard under Federal Rule of Civil Procedure 55 (c) is a liberal standard and distinguishable from the more rigorous excusable neglect standard, applicable to default judgments under Federal Rule of Civil Procedure 60. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 527–28 (11th Cir.1990); see also *Nlack v. Alternative Painting Squared, Inc.* 2008 WL 2370394 (M.D. Fla. 2008).

**B.     Default Was Not Culpable or Willful.**

The default was not willful or culpable and was not caused by Defendant. Here the default was not caused by disregarding the judicial process. Defendant has every intention to defend this action is hereby submitting to the Court its proposed Answer and Affirmative Defense.

The docket is devoid of any evidence showing that Defendant was properly served. Also, Plaintiff's Motion is defective as it did not attach a copy of the purported Return of Service and incorrectly stated that such Return of Service was filed with the Court. As stated above, the Return of Service was not filed until August 28, 2017, after the undersigned's office reached out to Plaintiff's counsel for the required Local Rule 7.1 good faith conference. Furthermore, as argued above, the purported service of process was wholly improper and should be quashed. It is now quite clear that the reason that Defendant did not receive notice and did not respond sooner was due to improper service of process.

C. **Vacating the Default Will Not Prejudice Plaintiff**

Granting this motion will not materially prejudice Plaintiff. The granting of this motion will allow the case against Defendant to be decided on its own merits; to do otherwise "would unfairly prevent the case from being decided on the merits, which is contrary to the policy in this circuit." *Daytona Tourist Charter Corp.,* No. 12-20221-CIV, 2012 WL 3042992. Furthermore, the delay has not resulted in any loss of evidence, increased opportunities for fraud, or discovery difficulties. *Idearc Media LLC.*, 8:09-CV-02078-T-17AE, 2010 WL 2179122.

D. **Defendant Has a Meritorious Defense**

Plaintiff's one-count complaint claims that she is entitled to overtime pay due to Defendant's alleged violation of the FLSA. Defendant has meritorious defenses which are set forth in the attached Answer and Affirmative Defenses (Exhibit B).

E. **Conclusion**

It is well-established that defaults are seen with disfavor because of the strong policy of determining cases on their merits.'" *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783

(11th Cir. 1993).  Here, good cause exists. The default was not willful or culpable. Setting it aside will cause no prejudice to Plaintiff.  Defendant presents meritorious defenses. Finally, upon learning of the Clerk's Default being entered, Defendant acted quickly to remedy the Clerk's default by retaining counsel and filing the instant motion and proposed Answer and Affirmative Defenses.

WHEREFORE, Defendant asks this Honorable Court to grant this motion and set aside the default and accept the proposed Answer and Affirmative Defenses attached as Exhibit B of this motion.

### **LOCAL RULE 7.1(a)(3) CERTIFICATE OF GOOD-FAITH CONFERENCE**

I, the undersigned attorney, certify that, prior to filing this motion, counsel for Plaintiff was contacted to resolve this matter and no resolution was able to be obtained without Court intervention.

Respectfully submitted this August 28, 2017.

**TREMBLY LAW FIRM**
*Attorneys for Defendant SUCCESS Agency LLC*
9700 South Dixie Highway, Suite 680
Miami, Florida 33156
Telephone: (305) 431-5678
crodriguez@tremblylaw.com
brett@tremblylaw.com
service@tremblylaw.com

By: /s/ Christian E. Rodriguez
   **Christian E. Rodriguez, Esq.**
   Florida Bar No. 83405

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served on this 28th day of August, 2017, via E-Mail upon Counsel for Plaintiff, at his email of record, Pleadings@theFLlawfirm.com, lechnerj@FLlawfirm.com, and Kmoran@theFllawfirm.com.

                                            /s/ Christian E. Rodriguez
                                            Christian E. Rodriguez, Esq.